IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

| | |
|---|---|
| In re: | ) |
| TERRY T. DABNEY | ) Case No. 10-30330 ABC |
| PAMELA J. DABNEY | ) Chapter 13 |
| Debtors. | ) |

ORDER ON DEBTORS' MOTION FOR SUMMARY JUDGMENT AND
ORDER DENYING DEBTORS' MOTION TO MODIFY

Debtors' Motion for Summary Judgment ("Motion") presents the issue of whether a debtor who proposes and obtains confirmation of a Chapter 13 plan which bifurcates the allowed claim of a secured creditor into a secured and unsecured claim, may modify the plan post confirmation and exclude that creditor from participating with other unsecured creditors whose claims will be paid in full, because the creditor asserts in its proof of claim that it is fully secured.  The issue is presented in the following fact pattern, as to which there is no dispute.

On November 18, 2010, this Court issued an Order Confirming Amended Chapter 13 Plan at Docket #32 ("Order").  The Amended Chapter 13 Plan (Docket #19) which was confirmed  ("Confirmed Plan") provided as follows:

> C. Class Three-All other allowed secured claims (other than those designated in Classes Two A and Two B above) shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply as follows:
> 1. Secured claims subject to 11 U.S.C. §506 (Real Property) . . .
> 2. Secured claims subject to 11 U.S.C. §506 (Personal Property): The debtor moves the court, through this chapter 13 plan, for a valuation of collateral and determination of secured status under 11 U.S.C. §506 regarding the *personal* property and claims below.  The following creditors shall retain the liens securing their claims *until discharge under 11 U.S.C. § 1328 or payment in full under nonbankruptcy law*, and they shall be paid the amount specified which represents the lesser of: (a) the value of their interest in collateral or (b) the remaining balance payable on the debt over the period required to pay the sum in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any secured claim with a value of $0 shall be treated as a general unsecured claim.

| Creditor | Description of Collateral | Specify Treatment (select a or b in ¶2 above) | Debtor's Contention of Value (replacement value) | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|---|---|
| Flying Horse Homeowners Association, Inc. | Notice of Lien filed against residence | A | 423,000 | 2441 | | 2441 |
| **Security Service Federal Credit Union** | **2003 Cadillac Escalade** | **A** | **15,630** | **31,002** | **4%** | **16130** |
| Totals | | | | | | 18,571 |

Debtors' Confirmed Plan provided that Class Four claims would share pro rata the sum of $4,097 plus any funds remaining after payment by the Trustee of all prior classes.

The secured creditor whose unsecured claim is at issue in this case is that of Security Service Federal Credit Union ("SSFCU") in bold above.  SSFCU had not filed a proof of claim as of the date of confirmation of the Amended Plan.  SSFCU timely filed a proof of claim on December 22, 2010, Claim #13-1 ("Proof of Claim").[1]  SSFCU filed its claim as fully secured in the amount of $31,600.  Debtors did not object to the Proof of Claim and SSFCU did not object to confirmation of Debtors' Amended Plan.

On April 28, 2012, precipitated by a Motion for Relief from Stay filed by the holder of a mortgage against their residence, in part, and by the Chapter 13 Trustee's Motion to Dismiss the case for nonpayment, Debtor filed a Motion to Modify Chapter 13 Plan ("Motion to Modify"), a 2ND Modified Plan ("Modified Plan") and a L.B.R. 9013-1 Notice ("Notice").[2]  The Modified Plan includes the same bifurcation of SSFCU's claim.  The Modified Plan, however, now provides that Class Four creditors will share pro rata the sum of $29,455, an amount which "represents a payment in full of all class IV creditors who have filed timely claims."

The Trustee objected to the Modified Plan and the matter was set for a hearing.  The Trustee's objection which brings this issue to the Court is:

The Proposed Modified Plan states that all timely class 4 claims will be paid 100%.  The total amount of unsecured class 4 claims is $45,413.68; the Modified Plan only provides payment to class 4 creditors in the amount of $29,482.

It is the Debtors' position, and the focus of their Motion, that they need not provide for the unsecured portion of SSFCU's allowed claim because SSFCU filed a proof of claim claiming that it is fully secured.   The Trustee filed his Response to Motion for Summary Judgment ("Response") wherein he seeks a summary denial of Debtors' Motion to Modify on the same undisputed facts.

This Court has considered the record in this case and the undisputed facts set forth above.  Having done so, this Court concludes that the issue presented may be decided as a matter of law.

Debtors in this case proposed a bifurcation of the allowed claim of SSFCU pursuant to 11 U.S.C. §506.  Debtors achieved through the confirmation process a valuation of the vehicle which secured Debtors' loan to SSFCU.  The pertinent provisions of the Confirmed Plan are quoted above and provide that SSFCU will have a secured claim in the amount of $15,630 and "that any remaining portion shall be treated as a general unsecured claim."  The Order

---

[1]The deadline for filing proofs of claim for non-governmental creditors was December 22, 2010.

[2]Debtors had previously filed a Motion to Modify and a 1ST Modified Plan and the Trustee objected. Debtors then filed the 2ND Modified Plan and Motion to Modify which are now before the Court.

confirming Debtors' plan accepted Debtors' contentions of value and the corresponding amount of the unsecured claim.  Debtors are bound by that Order of Confirmation and their Confirmed Plan with respect to the treatment of SSFCU. See *In re Rutt*, 07-13448 ABC, Docket #78 (Bankr. D.Colo. September 10, 2010).   Accordingly, it is

ORDERED that Debtors' Motion is GRANTED in part, in so far as summary judgment may be granted as a matter of law pursuant to Fed.R.Civ.P. 56(f)(1); and it is

FURTHER ORDERED that Debtors' Motion is DENIED, in part, in so far as the motion may not be granted in their favor; and it is

FURTHER ORDERED that the Trustee's motion to deny Debtors' Motion to Modify set forth in his Response is GRANTED; and it is

FURTHER ORDERED that Debtors' Motion to Modify is DENIED; and it is

FURTHER ORDERED that the hearing set for September 6, 2012 at 10:30 a.m. is VACATED.

DATED: August 27, 2012

BY THE COURT:

_____

A. Bruce Campbell
United States Bankruptcy Judge

3